UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. §1782<br>Jan Luijkenstraat 68<br>Amsterdam, 1071CS<br>Netherlands<br><br>Applicant. | Case No. 1:14-mc-00340<br>Assigned To: Kessler, Gladys<br>Assign. Date: 4/3/2014<br>Description: Miscellaneous |

### DECLARATION OF
### PROFESSOR DR. MARIELLE KOPPENOL-LAFORCE

I, MARIELLE E. KOPPENOL-LAFORCE, under penalty of perjury, declare as follows:

1. I am a partner at Houthoff Buruma, a 250-lawyer internationally active law firm headquartered in Amsterdam, with offices in the Netherlands (Amsterdam, Rotterdam), Belgium (Brussels), the United Kingdom (London), and the United States (New York) and Dutch counsel for EuroChem Volga-Kaliy LLC ("ECVK") in the lawsuit brought by ECVK against International Mineral Resources BV ("IMR") in the Netherlands (the "Dutch Action"). I submit this declaration in response to a Declaration provided by Mr. De Bree ("De Bree") dated 20 March 2014 in this proceeding and in support of Mr. Akhmetshin's opposition to the Application of IMR for an Order under 28 U.S.C. § 1782 for the taking of a deposition and the production of documents for use in prospective litigation in the Netherlands. I make this declaration based on my personal knowledge, experience, and education. If sworn as a witness, I could and would testify competently to the matters referred to below.

1

2. I am admitted to the Bar of Rotterdam, the Netherlands, and have practiced as an attorney in the Netherlands since 2000. I specialize in, *inter alia*, corporate, commercial and international dispute resolution. I have a law degree (JD equivalent) and a Ph.D. in Law from the Erasmus University in Rotterdam, the Netherlands. I have lectured on dispute resolution, conflict of laws, and international legal issues at various Dutch universities since 1984. I am on the editorial board of two scholarly law journals in the Netherlands, and am a member of the Netherlands' Standing Committee for Private International Law, a think-tank and an official advisory body to the Government of the Netherlands on conflict of laws issues and an assisting body to the Hague Conference of Private International Law. I was a delegate for the Netherlands to the Special Commission of the Hague Conference on Private International Law for the 2012 Principles of Choice of Law project, and I have been a member of the working group for those Principles since 2011.

3. Firstly, as counsel to ECVK in the Dutch Action, I am aware of all documents submitted by ECVK therein and can unequivocally state that no confidential IMR documents received from any source were used or presented as evidence. Moreover, IMR never claimed in the Dutch Action that any documents improperly obtained were used by ECVK. Even in the present application, IMR does not claim that any improperly obtained documents were used. Likewise, I see no basis for IMR's claim of ECVK's purported "unfair advantage" in the Dutch Action: simply put, ECVK is prevailing there based solely on the merits of its position firmly rooted in an unimpeachable and clear evidentiary record.

A. **The pending procedure in the District Court of Amsterdam does not allow any further submissions by the Parties.**

4. After the exchange of the initial Writ proceeding by ECVK, the Statement of Reply by IMR and the oral hearing on 21 January 2014, the Amsterdam District Court set a date for judgment. Originally this date was set at 16 April 2014, but has now been postponed by the Court until 28 May 2014.

5. By setting a date for judgment, the Court closed the proceedings.

6. After this date, the Court will not accept or take into account information that one of the parties sends to the court without the other party's consent.[1]

7. In addition, the Dutch Bar Rules of Conduct ("Rules of Conduct"; Gedragsregels 1992) prohibit lawyers from contacting the court without the other party's consent after judgment has been asked (or set).[2] The disciplinary courts refer to these rules when they decide on whether a lawyer has breached the standard of "acting in accordance with how a decent lawyer should act".[3] If a lawyer breaches this rule, the other party('s lawyer) can file a complaint with the disciplinary court, which can order disciplinary measures.[4]

8. This means that IMR's current request for additional evidence for purported use by it in the Dutch Action does not serve any legitimate purpose. Even if evidence was obtained by IMR from the current application, it simply cannot be used in those proceedings.

---

1 Article 6.1 of the District Court Procedural Rules in Summons Proceedings ("**Procedural Rules**"; *Landelijk procesreglement voor civiele dagvaardingszaken bij de rechtbanken*).
2 Rule 15 (2) Rules of Conduct.
3 Article 46 Dutch Lawyers Act (*Advocatenwet*).
4 Varying from warnings to suspensions and removal from the Bar.

3

### B. IMR has withdrawn its anticipated lifting procedure.

9. On 19 July 2013 after an evidentiary hearing, ECVK was granted leave by the Amsterdam District Court for attachment on certain assets of IMR. The amount of the attachment was set at €886,490,000 (about $1.2 billion). Such leave was granted after an extensive hearing where both ECVK and IMR were allowed to state and substantiate their case (the "ECVK Attachment Proceedings"). The Amsterdam District Court rejected all of IMR's defenses and granted the attachment.

10. On 6 January 2014 IMR served a Writ upon ECVK to appear before the Interlocutory Judge on 20 February 2014 for the oral hearing in which IMR would request the Interlocutory Judge of the District Court of Amsterdam to lift those attachments (the "IMR Anticipated Lifting Procedure"). However the Writ, and thus the IMR Anticipated Lifting Proceedings, were withdrawn by IMR on 4 February 2014 just days after the oral hearing in the main case (the "Withdrawal Letter"). The reason for that according to the letter of 4 February 104 from IMR's counsel, Mr. De Bree, was that a final judgment in the main proceedings in the Amsterdam District Court would be rendered in the near future and that IMR had decided to withdraw its request to lift the attachment while waiting for that decision.[5] The attachment against IMR's assets remains in place.

### C. Dutch courts have full discretion to value any evidence.

11. Even if documents had been hypothetically improperly obtained and used in the Dutch Action by IMR – and I reiterate that this has not occurred and has not been alleged by IMR – the Dutch Court would admit such evidence and not be concerned with how it was

---

[5] Letter by De Bree of 4 February 2014 to the court.

obtained.

12. This has recently been reiterated by the Dutch Supreme Court. On 18 April 2014 the Dutch Supreme Court, the highest court of the Netherlands, confirmed the fact that a Dutch court may allow any form of evidence, irrespective how such has been obtained. The Supreme Court stated in no. 5.2.3:

> Article 152 of the Dutch Code of Civil Proceedings ("DCCP") states that evidence may be furnished by all means and that the evaluation of the evidence is left to the discretion of the court, unless the law states differently. In civil proceedings there is no general rule that the court has to ignore evidence that has been improperly obtained. In principle the general interest of society that the truth comes to light in court and the interest that parties have to be able to make reasonable case for their statements in court, which interests are also at the basis of article 152 DCCP, have more weight than the interest of the exclusion of evidence. Only if there are additional circumstances, the ignoring of the evidence is justified. [..] [6]

13. The proceedings in the Netherlands between ECVK and IMR are civil proceedings. I am not aware of any additional circumstances being put forward in any of the proceedings or in the statement of Mr. De Bree, let alone that those circumstances would be sufficient to deviate from the well accepted rule of Dutch law as cited above.

### D. The proposed use of documents in appeal is premature and the documents would be irrelevant on appeal.

14. What will happen next in the Dutch case depends on the final judgment in the

---

[6] Supreme Court 18 April 2014, nr. 12/06004, ECLI:NL:HR:2014:942: Original Dutch text: r.o. 5.2.3: Art. 152 Rv bepaalt dat bewijs door alle middelen kan worden geleverd en dat de waardering van het bewijs aan het oordeel van de rechter is overgelaten, tenzij de wet anders bepaalt. In een civiele procedure geldt niet als algemene regel dat de rechter op onrechtmatig verkregen bewijs geen acht mag slaan. In beginsel wegen het algemene maatschappelijke belang dat de waarheid in rechte aan het licht komt, alsmede het belang dat partijen erbij hebben hun stellingen in rechte aannemelijk te kunnen maken, welke belangen mede aan art. 152 Rv ten grondslag liggen, zwaarder dan het belang van uitsluiting van bewijs. Slechts indien sprake is van bijkomende omstandigheden, is terzijdelegging van dat bewijs gerechtvaardigd [not translated:(HR 7 februari 1992, ECLI:NL:HR:1992:ZC0500, NJ 1993/78, m.nt. HJS en HR 12 februari 1993, ECLI:NJ:HR:1993:ZC0860, NJ 1993/599, m.nt. EAA en HJS)].

Amsterdam District Court Proceedings. It is not yet certain that an appeal will follow and what the arguments in appeal will be. In that light, IMR's request for documents now for use in its possible appeal is, at best, premature, particularly given the fact that IMR has not raised any issue in the Dutch proceeding regarding allegedly improperly obtained documents. Moreover, no such documents have been provided by ECVK to the Dutch Court and, in any event, the Dutch Court would not be concerned with how documents were obtained. Thus, even if IMR obtained additional evidence pursuant to this application, it is difficult to imagine how any argument or evidentiary support submitted by ECVK in the Dutch proceedings could be undermined or contradicted in any future appeal by the argument that the document on which is relied for support has been allegedly improperly obtained.

15. I am a native speaker of Dutch and fluent in English, and I use both languages professionally. The translations of excerpts from the Dutch-language case law, statutes, and publications that I provided in the above are accurate.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  May 15, 2014
              Rotterdam, The Netherlands

_____
Marielle Koppenol-Laforce