**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| IN RE:<br><br>APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No. 1:14-MC-00340 (GK) |
|---|---|

**MEMORANDUM OF LAW IN SUPPORT OF INTERNATIONAL MINERAL RESOURCES B.V.'S MOTION TO RENEW ITS APPLICATION FOR 28 U.S.C. § 1782 DISCOVERY**

KOBRE & KIM LLP

1919 M Street NW
Washington, D.C. 20036
Tel: +1 202 664 1900
Fax: +1 202 664 1920

*Counsel for Applicant International Mineral Resources B.V.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................ 1

BACKGROUND ........................................ 1

ARGUMENT ........................................ 3

I. THE TIMELINE FOR THE DUTCH APPEAL REQUIRES THAT IMR SEEK DISCOVERY FOR USE IN THE DUTCH APPEAL NOW ........................................ 3

II. BECAUSE IMR EXPECTS THE DISCOVERY PROCESS TO TAKE SEVERAL MONTHS, THE COURT SHOULD GRANT THE APPLICATION AT THIS TIME ........................................ 4

III. IMR WOULD LIKE TO SUBMIT NEW EVIDENCE REGARDING RINAT AKHMETSHIN IN THE DUTCH APPEAL ........................................ 6

IV. IMR'S DISCOVERY APPLICATION SHOULD BE GRANTED ........................................ 6

CONCLUSION ........................................ 7

International Mineral Resources B.V. ("IMR") respectfully submits this brief in support of its motion to renew its 28 U.S.C. § 1782 ("Section 1782") application seeking discovery from Rinat Akhmetshin, a resident of the District of Columbia, for use in foreign proceedings in the Netherlands (the "Application").

**PRELIMINARY STATEMENT**

In April 2014, IMR filed an Application to take discovery in aid of ongoing proceedings in the Netherlands (the "Dutch Action"). In June 2014, before this Court ruled on the Application, the trial court in the Dutch Action issued a final decision in favor of IMR. In light of the trial court's decision, this Court denied IMR's discovery Application ***without prejudice***. In its decision, this Court noted that Dutch litigants are permitted to introduce new evidence on appeal, but found that it was premature to grant discovery before knowing if IMR's adversary in the Dutch Action, in fact, would pursue an appeal.

Since this Court issued its order, IMR's adversary has filed a formal notice of its intent to pursue an appeal of the Dutch Action (the "Dutch Appeal"). As discussed below, IMR and its adversary will be submitting new evidence in support of their respective positions in the Dutch Appeal, likely in the next several months. As this Court knows, IMR wishes to obtain evidence through its Section 1782 Application for use in the Dutch Appeal. Accordingly, IMR respectfully submits that its 1782 Application is ripe for adjudication and should be granted now in order to allow sufficient time for discovery to be taken and incorporated into IMR's appellate papers.

**BACKGROUND**

The background facts relevant to this dispute are set forth at length in IMR's Application. (*See* IMR Application ("IMR Appl."), ECF No. 1.) In short, IMR holds an indirect, minority interest in a mining company called Shaft Sinkers (Proprietary) Limited ("Shaft Sinkers"). In 2007,

Shaft Sinkers began working with EuroChem Volga-Kaliy LLC ("ECVK") on a mining project. When the business relationship broke down in 2012, ECVK filed two arbitration proceedings against Shaft Sinkers seeking more than USD $1 billion in damages. ECVK then filed the Dutch Action against IMR seeking a declaratory judgment that IMR was liable for any judgment entered against Shaft Sinkers. After the proceedings were underway, IMR discovered that ECVK had hired Mr. Akhmetshin to hack into IMR's computer systems in connection with the Dutch Action. IMR's preliminary investigation revealed that Mr. Akhmetshin stole thousands of sensitive files from IMR and associated entities and individuals.

On April 3, 2014, IMR filed its Application in this Court seeking discovery from Mr. Akhmetshin regarding the hacking. (*See* IMR Appl., ECF No. 1.) IMR intended to use this evidence to demonstrate that ECVK engaged in litigation misconduct in the Dutch Action. (*See id.*) Briefing for the Application was completed on June 16, 2014. (*See* Akhmetshin Surreply, ECF No. 15.) Shortly thereafter, on June 25, 2014, the court in the Dutch Action issued its final decision, ruling in favor of IMR on the merits of all the claims made by ECVK. (*See* Notice of Decision, ECF No. 16.) In light of the decision in the Dutch Action, this Court entered a Memorandum Order denying IMR's Application without prejudice, and stating that:

> The Court understands that IMR, as well as ECVK, will have an opportunity to submit additional evidence at the appellate level. However, we certainly do not know whether either party will take advantage of that opportunity. Therefore, this Court concludes that it is now premature to grant the pending Application . . . .

(Mem. Order at 2, ECF No. 17 (Sept. 23, 2014).)

ECVK has now filed a formal appeal in the Dutch Action and has publicly indicated that it intends to submit new evidence in support of its appeal. According to The Moscow Times:

> A spokeswoman for EuroChem said . . . [that] the company had uncovered 'a large amount of additional evidence of the fraud which the Dutch court did not yet have the opportunity to review.' This additional evidence would now

> be submitted for the next stage of the Dutch court case, the spokeswoman said in an e-mailed statement.

*Dutch Court Dismisses Russian Fertilizer Firm's $900 Million Fraud and Bribery Suit*, The Moscow Times, (June 26, 2014), *available at* http://www.themoscowtimes.com/business/article/dutch-court-dismisses-russian-fertilizer-firm-s-900m-fraud-and-bribery-suit/502546.html. IMR would like to introduce new evidence regarding the hacking as part of the appeal. Accordingly, IMR seeks discovery from Mr. Akhmetshin.

## ARGUMENT

### I. THE TIMELINE FOR THE DUTCH APPEAL REQUIRES THAT IMR SEEK DISCOVERY FOR USE IN THE DUTCH APPEAL NOW

As a result of the timeline of the Dutch appeals process, any new evidence used in the Dutch Appeal would have to be obtained in the near future in order for it to be of use to IMR in its upcoming written appellate submission.

The typical timeline for the Dutch appeals process is as follows. After a trial court has issued a final decision, a party has three months to file a formal notice called a "writ of summons," indicating that it intends to proceed with an appeal. (Declaration of Robbert de Bree, Oct. 27, 2014 ("De Bree Decl. III") ¶ 3.) Once the appealing party serves the writ of summons, that party has invoked its right to appeal. (*Id.* ¶ 4.) The appealing party sets a date for the commencement of the appeal proceedings, and it can set a date that is long after the writ of summons has been served. (*Id.* ¶ 5.) The opposing party has a right to accelerate the appeal. (*Id.* ¶ 6.) This means that the opposing party can move up the commencement date without leave from the court. (*Id.*)

The appealing party is required to file a statement of claim six weeks after the commencement date. (De Bree Decl. III ¶ 7.) In complex disputes such as this one, the statement of claim is usually a lengthy document that sets forth all the grounds for the appeal,

attaches evidence from the trial court proceedings, and incorporates new evidence that the appealing party would like the court to consider. (*Id.* ¶ 8.)

The opposing party is required to file its statement of defense six weeks after the statement of claim is filed. (De Bree Decl. III ¶ 9.) Like the statement of claim, the statement of defense is often lengthy, as it must set forth all the defense arguments for the appeal and respond to all the arguments made in the statement of claim. (*Id.* ¶ 10.) The statement of defense also incorporates evidence from the trial court proceedings ***and new evidence that the opposing party would like the court to consider on appeal***. (*Id.* ¶ 11.) Given the time constraints of the Dutch appeal system, attorneys usually start their preparations for the statement of claim and statement of defense as soon as they are able to. (*Id.* ¶ 12.)

In this case, ECVK filed its formal notice of appeal on September 18, 2014, and set April 7, 2015 as the commencement date for the appeal. (De Bree Decl. III ¶ 13.) IMR currently intends to accelerate the proceedings, and, if it does, there is a substantial likelihood that ECVK would be required to file its statement of claim as early as December 2014. (*Id.* ¶ 14.) If the proceedings are accelerated, there is a substantial likelihood that IMR would be required to file its statement of defense as early as January or February 2015. (*Id.* ¶ 15.)

## II. BECAUSE IMR EXPECTS THE DISCOVERY PROCESS TO TAKE SEVERAL MONTHS, THE COURT SHOULD GRANT THE APPLICATION AT THIS TIME

The U.S. discovery process can take several months, even by conservative estimates. If this Court grants IMR's Application, IMR will serve the subpoena on Mr. Akhmetshin. Mr. Akhmetshin will then need to be given time to gather and review the relevant documents, prepare a privilege log, and draft and serve his objections. The parties will be required to meet and confer regarding Mr. Akhmetshin's objections. If no agreement can be reached, the parties

will brief their respective positions, and additional time will be needed to allow the Court to resolve the discovery disputes.

IMR expects that there will be discovery disputes that require litigation in this case, as Mr. Akhmetshin has already asserted in other submissions that all the requested documents are covered by the attorney-client privilege. (*See, e.g.*, Akhmetshin Opp'n Br. at 9, ECF No. 10 ("all the documents the subpoena seeks are facially protected by the attorney-client privilege and the work product doctrine").) IMR vigorously disputes this assertion because (1) many of the requested documents are not privileged on their face; (2) documents do not somehow become privileged simply because Mr. Akhmetshin was hired by an attorney; and (3) to the extent that a privilege might otherwise apply to any of the documents, these documents are nevertheless discoverable because the crime-fraud exception applies. (*See* IMR Reply Br. at 13-17, ECF No. 11.) The Court need not decide these issues now, but the fact that this dispute has already arisen underscores how much time will be needed to obtain the requested discovery.

Even after the discovery disputes are resolved and Mr. Akhmetshin has produced the relevant documents, IMR will need time to review the documents and prepare for and take Mr. Akhmetshin's deposition. Once that process is complete, counsel in the foreign proceedings will likely need to translate the relevant documents into Dutch and incorporate the content of the documents into the appellate submission. (De Bree Decl. III ¶ 16.)

Because the U.S. discovery process will likely take some time, IMR must begin the U.S. discovery process now in order to obtain evidence that can be used in the Dutch Appeal.

## III. IMR WOULD LIKE TO SUBMIT NEW EVIDENCE REGARDING RINAT AKHMETSHIN IN THE DUTCH APPEAL

In the Dutch Appeal, IMR intends to argue that ECVK filed a meritless claim and improperly requested and received a freezing order for approximately USD $1 billion of IMR's

assets. (De Bree Decl. III ¶ 17.) In addition, IMR would like to argue that ECVK engaged in litigation misconduct so severe that the appellate court should strike ECVK's claim. (*Id.* ¶ 18.) IMR seeks discovery from Mr. Akhmetshin to support its claim for litigation misconduct. (*Id.* ¶ 19.)

As IMR has explained at length in its earlier submissions to this Court, litigants in the Netherlands owe each other a duty of "full and frank disclosure." (De Bree Decl. III ¶ 20.) Parties to Dutch litigation also owe a duty of "fair play," meaning that they must comport themselves in a fair and equitable manner in connection with the conduct of the litigation. (*Id.* ¶ 21.) Dutch courts have broad discretion to remedy violations of the duties of full and frank disclosure and of fair play, including by dismissing entire claims in extreme cases of misconduct. (*Id.* ¶ 22.)

In this case, IMR seeks discovery in aid of its position that ECVK violated the duties of fair play and full and frank disclosure. (De Bree Decl. III ¶ 23.) IMR's preliminary investigation produced evidence that ECVK paid Mr. Akhmetshin to steal thousands of sensitive files from IMR and associated entities and individuals in connection with the Dutch Action. IMR seeks discovery to obtain evidence regarding the terms of Mr. Akhmetshin's engagement, the full extent of what was stolen, and the ways in which the materials were used. This new evidence will be introduced in the Dutch Appeal to demonstrate the severity of ECVK's inequitable litigation conduct. (*Id.* ¶ 24.)

## IV. IMR'S DISCOVERY APPLICATION SHOULD BE GRANTED

As discussed in detail in IMR's Application and Reply Brief, IMR's request for discovery should be granted as a matter of law. IMR unquestionably meets the three statutory requirements for a Section 1782 application because Mr. Akhmetshin is "found" in this district,

the discovery sought is "for use" in the Dutch Appeal, and IMR is an "interested person" in the appeal.[1]

In addition, the four discretionary factors set forth in the Supreme Court's decision in *Intel* all favor granting the Application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 258 (2004). First, Mr. Akhmetshin is not a party to the Dutch Action. Second, as the Court correctly noted in its Memorandum Order, litigants in Dutch proceedings have an opportunity to submit additional evidence at the appellate level. Third, Mr. Akhmetshin does not and cannot present any evidence that IMR is seeking the requested discovery in bad faith. And finally, in an effort to narrowly tailor the discovery being sought, IMR has submitted a proposed subpoena that contains only one document request. To the extent that this lone document request somehow creates a burden for Mr. Akhmetshin, IMR would, of course, meet and confer with him in an effort to resolve it.

**CONCLUSION**

Based on the foregoing, IMR respectfully requests that the Court issue an Order approving IMR's Application for discovery.

[1] As set forth in IMR's prior court submissions, IMR also seeks discovery in aid of contemplated future litigation in the Netherlands, which provides an independent basis for granting the Application. (*See* IMR Appl. at 2, 9-10, 12-13, 16-17, ECF No. 1; IMR Reply Br. at 1, 3, ECF No. 11.)

Dated: Washington, D.C.
October 30, 2014

Respectfully submitted,

/s/S. Nathan Park___________
S. Nathan Park (D.C. Bar No. 1000365)
KOBRE & KIM LLP
1919 M Street NW
Washington, D.C. 20036
Tel: +1 202 664 1900
Fax: +1 202 664 1920
nathan.park@kobrekim.com

Jonathan D. Cogan (admitted *pro hac vice*)
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Tel: +1 212 488 1200
Fax: +1 212 488 1220
jonathan.cogan@kobrekim.com

*Attorneys for Applicant International Mineral Resources B.V.*