UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: | : |
| | : |
| APPLICATION OF INTERNATIONAL | : |
| MINERAL RESOURCES B.V. FOR AN | : |
| ORDER TO TAKE DISCOVERY | :  Case No. 14-mc-340 (GK) |
| PURSUANT TO 28 U.S.C. § 1782, | : |
| | : |
| Applicant. | : |

## MEMORANDUM ORDER

Upon consideration of Applicant's Renewed Application for an Order Under 28 U.S.C. § 1782 Permitting International Mineral Resources B.V. to Issue a Subpoena for the Taking of a Deposition and the Production of Documents from Rinat Akhmetshin [Dkt. No. 1], and the many briefs submitted by the Parties, the Court concludes that the Application shall be **granted** for the following reasons:

1. Applicant has satisfied the requirements of § 1782. Applicant has demonstrated that (i) the person or entity from whom discovery is sought resides or is found within the District of Columbia; (ii) the discovery is for use in a proceeding before a foreign or international tribunal; and (iii) the application is made by an interested person. There is simply no dispute that Mr. Akhmetshin lives within the District of Columbia; there is simply no dispute that the deposition requested is to be used in the appeal of the Dutch Action, which is a proceeding before a foreign tribunal; there is simply no dispute that Applicant is a litigant in that Dutch Action and, therefore, is an "interested person."

2. Mr. Akhmetshin argues that the Application should be denied because it seeks privileged information. That question goes to the merits and is to be decided after the subpoena has been issued and parties can object to specific pieces of information.

3. Mr. Akhmetshin argues that production of material would "offend" foreign laws and/or policies. Opp. at 6. He also claims that Russian privilege law, rather than American, applies to the present dispute and that it would bar production of confidential information. In deciding which privilege law to apply, the Court should "defer[] to the law of the country that has the predominant or the most direct and compelling interest in whether [the] communication [at issue] should remain confidential, unless the foreign law is contrary to the public policy of [the] forum." Yeda Research and Development Co., Ltd. v. Abbott GmbH and Co. KG, 292 F.R.D. 97, 104 (D.D.C. 2013). In this case, the jurisdiction with the predominate interest is the United States because the allegedly privileged relationship between Mr. Akhmetshin and S&R was entered into in the United States, both are residents of the United States, S&R is a United States law firm headquartered in New York City, and Mr. Akhmetshin's office is located in Washington, D.C.

4. Mr. Akhmetshin asks how could ECVK have lost in the Dutch proceedings below if he allegedly gave ECVK "unfair advantage"? In other words, according to Mr. Akhmetshin, the alleged conduct could not possibly have harmed the Applicant because it won its case below. Therefore, "No harm, no foul." Opp. at 3. This argument has no validity whatsoever, nor is there any legal support for it.

5. Finally, Mr. Akhmetshin claims that the Application is unduly burdensome and intrusive. For the reasons given by the Applicant, Reply at 15-17, his claim is unpersuasive.

**WHEREFORE**, it is this 5th day of February, 2015, hereby

**ORDERED**, that Applicant's Renewed Application for an Order Under 28 U.S.C. § 1782 Permitting International Mineral Resources B.V. to Issue a Subpoena for the Taking of a Deposition and the Production of Documents from Rinat Akhmetshin is **granted**.

_Gladys Kessler_
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**