**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br><br>Applicant. | Case No. 1:14-MC-00340 (GK) |

**INTERNATIONAL MINERAL RESOURCES B.V.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ADDITIONAL DAY OF DEPOSITION AND MOTION FOR EXPEDITED CONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 37, International Mineral Resources B.V. ("IMR") respectfully requests this Court's prompt intervention to prevent Rinat Akhmetshin from improperly using grossly overbroad assertions of privilege to shield substantial amounts of non-privileged information until after the deadline for IMR's primary filing in the Dutch proceedings – proceedings in which IMR intends to use evidence gathered pursuant to its Section 1782 Application in this action.  For the reasons set forth below and in the accompanying memorandum of law, IMR respectfully requests that the Court grant the following relief.

First, the Court should order Mr. Akhmetshin to produce immediately all documents referenced on his privilege log on the ground that the logs he has provided are plainly inadequate under the law and that, therefore, he has waived the privilege with respect to those documents. At the very least, Mr. Akhmetshin should be compelled to provide the documents to the Court for *in camera* review to determine whether his privilege claims are valid.

Second, and in any event, the Court should compel Mr. Akhmetshin to produce the withheld documents to IMR because IMR has made a prima facie showing that Mr.

Akhmetshin's withheld communications were made in furtherance of a crime and, therefore, are subject to the crime-fraud exception to the attorney-client, work-product, and non-testifying expert privileges.  In the alternative, the Court should conduct an *in camera* review of his withheld materials to determine whether the crime-fraud exception applies.

Third, and even if the Court determines not to require production of all of the withheld documents, the Court should compel Mr. Akhmetshin to produce immediately three categories of documents that clearly are not privileged:  (i) documents relating to Mr. Akhmetshin's "strategic communications" work on the ground that the law is clear that such work is not protected from disclosure; (ii) documents Mr. Akhmetshin shared with third parties on the ground that, under the circumstances, his sharing of documents with these persons waived any privilege that might have existed; and (iii) non-privileged, responsive documents post-dating August 31, 2013 on the ground that he has provided no justification whatsoever for withholding such documents.

Fourth, the Court should compel Mr. Akhmetshin to appear for an additional day of deposition testimony to answer questions about any new material produced in response to this motion, as well as questions that he refused to answer at his original deposition based on overbroad and inappropriate assertions of privilege.

Finally, the Court should compel Mr. Akhmetshin to respond to this motion on an expedited basis – within seven days of being served with this motion – and afford IMR four days to reply.  IMR's primary filing in the Dutch proceedings is June 23, 2015, and IMR would be prejudiced by any delay that would allow Mr. Akhmetshin to continue using overbroad assertions of privilege to shield discoverable information from IMR past that date.

In accordance with Local Civil Rule 7(m), counsel for IMR have in good faith conferred with counsel for Mr. Akhmetshin in an effort to resolve the instant dispute over Mr.

Akhmetshin's privilege assertions without court intervention, but the parties have failed to reach

an agreement, thus necessitating this motion.  Counsel for Mr. Akhmetshin has stated that Mr.

Akhmetshin intends to oppose the motion with regard to his privilege assertions.

Dated:       Washington, D.C.
           May 18, 2015

                                        Respectfully submitted,

                                        /s/ Sangyoon Nathan Park
                                        S. Nathan Park (D.C. Bar No. 1000365)
                                        KOBRE & KIM LLP
                                        1919 M Street NW
                                        Washington, D.C. 20036
                                        Tel:  +1 202 664 1900
                                        Fax: +1 202 664 1920
                                        nathan.park@kobrekim.com

                                        Jonathan D. Cogan (admitted *pro hac vice*)
                                        KOBRE & KIM LLP
                                        800 Third Avenue
                                        New York, New York 10022
                                        Tel:  +1 212 488 1200
                                        Fax: +1 212 488 1220
                                        jonathan.cogan@kobrekim.com

                                        *Attorneys for Applicant International*
                                        *Mineral Resources B.V.*