# EXHIBIT C

**Exhibit C: Instructions Not to Answer Given by Counsel for Mr. Akhmetshin**

| Excerpt Number | Page/Line Numbers | Deposition Excerpt |
|---|---|---|
| 1. | 35:25 – 36:12 | 25 Q Did you travel anywhere else for this<br><br>[Page 36]<br><br>1 project?<br>2 A I traveled to Moscow.<br>3 Q When?<br>4 A Sometimes in 2013.<br>5 Q For what purpose?<br>6 MR. SPERDUTO: Hold on. I object to<br>7 the extent that that calls for privileged<br>8 information under Rule 26(b)(4)(D) or the work<br>9 product privilege.<br>10 If you can answer the question without<br>11 divulging that, you can answer. Otherwise, you're<br>12 not -- you're directed not to answer. |
| 2. | 38:9-19 | 9 Q Other than Mr. Joffe, did you meet with<br>10 anybody else in Russia in connection with this<br>11 engagement in --<br>12 MR. SPERDUTO: Same --<br>13 BY MR. COGAN:<br>14 Q -- 2013?<br>15 MR. SPERDUTO: Same objection. You can<br>16 answer that only to the extent that it does not<br>17 divulge information that you were purposed to do<br>18 by Salisbury & Ryan. And, again, the rule that<br>19 I'm trying to say is 26(b)(4)(d). |
| 3. | 39:2 – 40:10 | 2 Q So, yes or no, other than Mr. Joffe,<br>3 did you meet with anybody else in Russia with<br>4 respect to this engagement?<br>5 A Yes.<br>6 Q Okay. Approximately how many people?<br>7 A This will violate my agreement with<br>8 Salisbury & Ryan.<br>9 Q Even -- even just the number of how<br>10 many people?<br>11 A If it's relevant, it will be --<br>12 MR. COGAN: Why don't we do this: Do<br>13 you want to take a quick break and you guys can |

| | | |
|---|---|---|
| | | 14 consult, or -- or is that not necessary?<br>15 MR. SPERDUTO: Well, maybe if -- if he<br>16 thinks it does, perhaps we should. It will<br>17 expedite the rest of these questions and<br>18 objections.<br>19 MR. COGAN: Well, I don't think it's<br>20 going to take that much longer. I need to make my<br>21 record so --<br>22 MR. SPERDUTO: Yeah, okay.<br>23 MR. COGAN: So --<br>24 MR. SPERDUTO: If you think it's<br>25 privileged information, don't answer the question.<br><br>[Page 40]<br><br>1 THE WITNESS: It -- it would be<br>2 privileged information.<br>3 BY MR. COGAN:<br>4 Q Okay. How many meetings were there?<br>5 MR. SPERDUTO: Same objection.<br>6 THE WITNESS: Same objection.<br>7 BY MR. COGAN:<br>8 Q Okay. So you're -- you're declining to<br>9 answer on privilege grounds?<br>10 A Correct. |
| 4. | 44:8-22 | 8 Q Mr. Akhmetshin, with respect to your<br>9 trip to Russia in 2013 in connection with this<br>10 engagement, how many people did you meet with?<br>11 A I would like to invoke all these three<br>12 or four or whatever rules we have.<br>13 MR. SPERDUTO: And for the record, the<br>14 four rules that we are applying are 26(b)(4)(d),<br>15 the attorney-work-product, attorney-client<br>16 privilege and the contractual provision in the<br>17 engagement letter.<br>18 MR. COGAN: Are you instructing him not<br>19 to answer that --<br>20 MR. SPERDUTO: Yes.<br>21 MR. COGAN: -- question?<br>22 MR. SPERDUTO: Yes. |
| 5. | 45:6-13 | 6 Q Approximately, how many meetings did<br>7 you have?<br>8 MR. SPERDUTO: Objection on the basis<br>9 of the privilege. |

| | | |
|---|---|---|
| | | 10 MR. COGAN: Are you instructing him not<br>11 to answer?<br>12 MR. SPERDUTO: Yes.<br>13 THE WITNESS: I decline to answer. |
| 6. | 45:15-24 | 15 Q Who did you meet with?<br>16 MR. SPERDUTO: Objection on the basis<br>17 of 26(b)(4).<br>18 MR. COGAN: Instructing him not to<br>19 answer?<br>20 MR. SPERDUTO: Yes.<br>21 BY MR. COGAN:<br>22 Q What did you discuss at this -- at<br>23 these meetings?<br>24 MR. SPERDUTO: Same objection. |
| 7. | 49:18 – 51:1 | 18 Was anyone else on the telephone call?<br>19 A I'm afraid I cannot answer this<br>20 without --<br>21 Q How about just yes or no? Can you<br>22 answer yes or no whether anyone else was on the<br>23 call?<br>24 A Yes.<br>25 Q Okay. Who was on the call?<br><br>[Page 50]<br><br>1 A I'm afraid that will violate this<br>2 Rule 26 --<br>3 MR. SPERDUTO: We'll invoke 26(b)(4)(D)<br>4 and direct the witness not to answer.<br>5 MR. COGAN: I just want to be clear,<br>6 Mr. Sperduto, about your instruction. You're --<br>7 you're instructing the witness not to answer a<br>8 question about who was on a call with him and<br>9 Mr. Salisbury?<br>10 MR. SPERDUTO: Yes, because his<br>11 reaction to your question indicated he thought<br>12 that that would resolve -- that would reveal facts<br>13 and circumstances -- facts or opinions on the<br>14 research he was doing or the identity of the<br>15 research he was doing by identifying the other<br>16 person on the telephone. And then on -- on that<br>17 basis, I'll invoke 26(b)(4)(D).<br>18 Q Was it more than one person on this<br>20 call besides you and Mr. Salisbury?<br>21 A I do not remember, actually. |

3

| | | |
|---|---|---|
| | | 22 Q What did you discuss on the call?<br>23 MR. SPERDUTO: 26(b)(4)(D) exception.<br>24 You're directed not to answer. Attorney-client as<br>25 well, work product as well, contractual agreement<br><br>[Page 51]<br><br>1 as well. |
| 8. | 52:24 – 53:10 | 24 Did you discuss in either of those<br>25 interactions you had with Mr. Ryan anything having<br><br>[Page 53]<br><br>1 to do with either EuroChem or IMR?<br>2 MR. SPERDUTO: To the extent that that<br>3 asks for the content of communications, you're<br>4 directed not to answer to the extent it would<br>5 divulge legal communications or communications for<br>6 the purposes of providing legal advice.<br>7 Otherwise, you can answer that.<br>8 THE WITNESS: We -- we -- he was not<br>9 involved in this matter, so we did not discuss<br>10 this matter. |
| 9. | 55:2-18 | 2 Q Mr. Akhmetshin, I wanted to go back and<br>3 clarify. When you said that you traveled to<br>4 Russia for this engagement, I wanted to make sure,<br>5 other than traveling to Russia, did you travel<br>6 anywhere else for this engagement?<br>7 A I'm afraid that will violate --<br>8 MR. SPERDUTO: That -- that's a yes or<br>9 no. Don't -- don't --<br>10 THE WITNESS: Oh, okay. Yes.<br>11 BY MR. COGAN:<br>12 Q Okay. Where did you travel?<br>13 MR. SPERDUTO: That one is -- reveals<br>14 research and opinions and facts held, so we're<br>15 going to invoke 26 -- Rule 26.<br>16 MR. COGAN: And you're going to<br>17 instruct not to answer?<br>18 MR. SPERDUTO: Yes. I'm sorry. |
| 10. | 56:10-25 | 10 Q Okay. And are you able to tell me the<br>11 location of any of those two or three other<br>12 places? |

| | | |
|---|---|---|
| | | 13 MR. SPERDUTO: No.<br>14 THE WITNESS: No. I'm afraid it will<br>15 violate --<br>16 MR. SPERDUTO: I'm directing him not to<br>17 answer.<br>18 BY MR. COGAN:<br>19 Q Did you meet with people concerning<br>20 this engagement in any of these two or three other<br>21 locations that you traveled?<br>22 A I did.<br>23 Q Who did you meet with?<br>24 MR. SPERDUTO: Objection: direct him<br>25 not to answer under Rule 26(b)(4)(D). |
| 11. | 57:5 – 58:5 | 5 Q Okay. So with respect to these two or<br>6 three other locations to which you traveled,<br>7 approximately how many meetings total did you<br>8 have?<br>9 MR. SPERDUTO: Objection.<br>10 THE WITNESS: I --<br>11 THE COURT REPORTER: I can't hear you.<br>12 THE WITNESS: I respectfully decline to<br>13 answer this on the basis of -- what -- the<br>14 Rule 26 --<br>15 BY MR. COGAN:<br>16 Q Let's just -- let's just make sure the<br>17 record is clear.<br>18 MR. COGAN: Mr. Sperduto, are you<br>19 instructing him not to answer the question,<br>20 approximately how many different meetings did he<br>21 have in these two or three different locations?<br>22 MR. SPERDUTO: That's not exactly the<br>23 question I heard, but the -- the answer is yes<br>24 because it reveals the scope -- the scope of the<br>25 privilege under 26(b)(4)(D) is so broad that some<br><br>[Page 58]<br><br>1 courts have said witnesses are immune from<br>2 discovery.<br>3 I -- I -- I'm trying to be more<br>4 discriminating than that. But that one, I think,<br>5 crossed the line. |
| 12. | 60:19 – 61:1 | 19 What research were you asked to<br>20 conduct? |

| | | |
|---|---|---|
| | | 21 MR. SPERDUTO: Same objection. That --<br>22 that's attorney-client; that's work product; and<br>23 that's 26(b)(4)(D).<br>24 MR. COGAN: And you're instructing not<br>25 to answer?<br><br>[Page 61]<br><br>1 MR. SPERDUTO: Yes. |
| 13. | 61:23 – 62:12 | 23 Q Okay. Moving down to, Compensation,<br>24 the letter says, We shall transfer to you on<br>25 behalf of the client an initial payment of<br><br>[Page 62]<br><br>1 $45,000, and you will bill as discussed as the<br>2 work progresses.<br>3 Do you see that?<br>4 A I do see that.<br>5 Q What was discussed about the billing<br>6 arrangements?<br>7 MR. SPERDUTO: Now, to the extent that<br>8 he's asking for communications on substantive<br>9 issues, you're directed not to answer.<br>10 To the extent that you can answer that<br>11 without revealing legal communications, if you<br>12 can, you can answer. |
| 14. | 64:4-12 | 4 Q How much time did you spend on this<br>5 engagement, approximately?<br>6 A A lot of time, actually. I<br>7 researched --<br>8 MR. SPERDUTO: No, don't talk about<br>9 your research.<br>10 THE WITNESS: I'm sorry.<br>11 MR. SPERDUTO: The 26(b)(4)(D) directed<br>12 not to go there. |
| ▮ | ▮▮▮▮ | ▮▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮▮<br>▮▮▮▮▮▮▮<br>▮▮▮▮<br>▮▮▮▮ |

| | | |
|---|---|---|
| | | ▬▬▬<br><br>▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬<br>▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬▬▬▬▬<br>▬▬▬<br>▬▬▬▬▬ |
| 16. | 74:1-14 | 1 Q Yes or no, did anyone explain to you<br>2 why you were being asked to research those issues?<br>3 MR. SPERDUTO: Yes or no.<br>4 THE WITNESS: Yes.<br>5 BY MR. COGAN:<br>6 Q Who explained?<br>7 A The client.<br>8 Q Salisbury & Ryan?<br>9 A Correct.<br>10 Q What did they tell you?<br>11 MR. SPERDUTO: Objection:<br>12 attorney-client privilege; 26(b)(4)(D); work<br>13 product.<br>14 I direct you not to answer. |
| 17. | 103:18 – 104:16 | 18 Q What's his name?<br>19 A His name is Akezhan. It's<br>20 A-K-E-Z-H-A-N, Akezhan. Kazhegeldin. It's<br>21 K-A-Z-H-E-D-I-L -- I'm sorry, Kazhegel- -- D-I-N, |

| | | |
|---|---|---|
| | | 22 yes -- L-D-I-N.<br>23 Q Do you recall that you had<br>24 communications with him regarding the work that<br>25 you were doing for Salisbury & Ryan?<br><br>[Page 104]<br><br>1 MR. SPERDUTO: To the extent that that<br>2 invokes Rule 26(b)(4)(D), I'll direct the client<br>3 not to answer.<br>4 MR. COGAN: But the actual pending<br>5 question is "do you recall that you had<br>6 communications," which is a yes or no.<br>7 MR. SPERDUTO: I understand that. But<br>8 the sources of his information, the research he<br>9 did leads to the facts and opinions held, so I<br>10 think it's covered by 26(b)(4)(D).<br>11 MR. COGAN: Okay.<br>12 MR. SPERDUTO: That's my best legal<br>13 judgment.<br>14 MR. COGAN: So you're instructing him<br>15 not to answer?<br>16 MR. SPERDUTO: Yes. |
| 18. | 104:24 – 106:4 | 24 What did you discuss with<br>25 Mr. Kazhegeldin related to either IMR, ENRC or<br><br>[Page 105]<br><br>1 Shaft Sinkers, if anything?<br>2 MR. SPERDUTO: First of all, I'll<br>3 object to the form; and then, second, I'll object<br>4 on the grounds of Rule 26(b)(4)(D) and direct the<br>5 witness not to answer.<br>6 BY MR. COGAN:<br>7 Q Where does Mr. Kazhegeldin live now?<br>8 A He lives in Europe.<br>9 Q Where did he live during the 2012-2013<br>10 time period?<br>11 A He has several residences.<br>12 Q In Europe?<br>13 A In Europe, yes.<br>14 Q Okay. If you turn to page 3, item 22.<br>15 Are you there?<br>16 A Yes.<br>17 Q Who's Ken Silverstein? |

| | | |
|---|---|---|
| | | 18 A He's a journalist and a researcher.<br>19 Q And same questions: Do you recall<br>20 having communications with him regarding the work<br>21 that you were doing for Salisbury & Ryan?<br>22 MR. SPERDUTO: And same objection. And<br>23 not to be repetitive, but these questions are<br>24 asking for his specific or may be asking for his<br>25 specific research undertaken as a consulting<br><br>[Page 106]<br><br>1 expert, which we believe to be immune from<br>2 discovery under our reading of the cases<br>3 construe -- construing that rule. And he's<br>4 directed not to answer. |
| 19. | 107:18-25 | 18 MR. COGAN: And, Mr. Sperduto, if I ask<br>19 the witness the same series of questions about<br>20 Kirstin Ridley, would you give the same<br>21 instruction not to answer?<br>22 MR. SPERDUTO: Yes, sir, Mr. Cogan,<br>23 because I believe that goes directly into his<br>24 research and facts and opinions held regarding the<br>25 dispute. |
| 20. | 108:13 – 109:5 | 13 Q Page 16, entry 131, involves a<br>14 communication with Daniel Balint-Kurti.<br>15 Do you know who that is?<br>16 A He is a researcher --<br>17 Q Is he a journalist?<br>18 A -- and a -- no, he's a researcher and<br>19 activist.<br>20 Q What kind of activist is he?<br>21 A Transparency activist.<br>22 THE COURT REPORTER: I'm sorry?<br>23 THE WITNESS: Transparency. He's a<br>24 transparency, anti-corruption activist.<br>25 MR. COGAN: And just for the record,<br><br>[Page 109]<br><br>1 same -- if I ask him the same series of questions,<br>2 I assume I would get the same objections and<br>3 instructions not to answer with respect to<br>4 Mr. Balint-Kurti.<br>5 MR. SPERDUTO: Yes, sir. |

| | | |
|---|---|---|
| 21. | 124:2-15 | 2 Q What was the strategic communications<br>3 strategy that you developed and proposed?<br>4 MR. SPERDUTO: He's not asking for a<br>5 communication. He's asking for -- let me think<br>6 for a minute here.<br>7 This is the last sentence of<br>8 paragraph 6, Jon?<br>9 MR. COGAN: Yes.<br>10 MR. SPERDUTO: Or next to the last<br>11 sentence.<br>12 MR. COGAN: Yes. Sorry.<br>13 MR. SPERDUTO: Well, I -- I think<br>14 that's 26(b)(4)(D), so I'm going to direct him not<br>15 to answer. |
| 22. | 126:15-25 | 15 Q Did you have any communications with<br>16 Salisbury & Ryan in which they told you why it was<br>17 being rejected?<br>18 MR. SPERDUTO: That's a yes or a no.<br>19 You can --<br>20 THE WITNESS: Yes.<br>21 BY MR. COGAN:<br>22 Q What did they tell you?<br>23 MR. SPERDUTO: That's not --<br>24 attorney-client privilege, 26(b)(4)(D).<br>25 Direct you not to answer. |
| 23. | 160:17 – 161:7 | 17 Q Did you have any discussions with<br>18 Mr. Balint-Kurti about IMR, The Trio, ENRC or<br>19 Shaft Sinkers?<br>20 MR. SPERDUTO: That question can be<br>21 answered yes or no. I just would alert the<br>22 witness again that to the extent any further<br>23 answer would implicate the 26(b)(4)(D) privilege,<br>24 be cognizant of that and steer clear.<br>25 THE WITNESS: Okay.<br><br>[Page 161]<br><br>1 Yes, I have discussion with<br>2 Mr. Balint-Kurti.<br>3 BY MR. COGAN:<br>4 Q Okay. What did you discuss?<br>5 MR. SPERDUTO: Objection. Direct the<br>6 client not to witness [sic] on the basis of |

| | | 7 26(b)(4)(D). |
|---|---|---|
| 24. | 165:15 – 166:3 | 15 Q Have you ever had any communications<br>16 with Mr. Horton, yes or no, about the work that<br>17 you were doing for Salisbury & Ryan?<br>18 A Yes.<br>19 Q Okay. Approximately how many?<br>20 A One or two, maybe.<br>21 Q What did you discuss?<br>22 A I don't think I could share without<br>23 divulging --<br>24 MR. SPERDUTO: Okay. That's my cue.<br>25 I'm sorry. To the extent this requires a response<br><br>[Page 166]<br><br>1 that invokes the privilege under Rule 26(b)(4)(D),<br>2 the client -- the witness is directed not to<br>3 answer. |
| 25. | 170:17-24 | 17 Q What does this have to do with the<br>18 research you were doing?<br>19 MR. SPERDUTO: Well, that's -- that's a<br>20 26(b)(4) objection.<br>21 MR. COGAN: And instruction not to<br>22 answer?<br>23 MR. SPERDUTO: Yes, based on his prior<br>24 answer. He said it had to do with his research. |
| 26. | 176:9 – 177:6 | 9 Q But that's -- what I'm asking you is,<br>10 did you obtain research from Mr. Horton in<br>11 connection with the work that you were doing for<br>12 Salisbury & Ryan?<br>13 MR. SPERDUTO: That gets to 26(b)(4)(D)<br>14 and direct him not to answer.<br>15 MR. COGAN: The -- the question of<br>16 simply did he obtain it --<br>17 MR. SPERDUTO: Yeah.<br>18 MR. COGAN: -- without divorce from<br>19 what --<br>20 MR. SPERDUTO: That reveals the source.<br>21 We're not going to reveal sources for his research<br>22 and things like that from -- depending on the<br>23 answer.<br>24 THE WITNESS: I've been engaged with<br>25 him forever. I've known Mr. Horton for years, and |

| | | |
|---|---|---|
| | | [Page 177]<br><br>1 I often help him with -- kind of compare notes.<br>2 He's also a human rights lawyer, and he is doing<br>3 work against corruption.<br>4 MR. SPERDUTO: Rinat, can you do me a<br>5 favor and wait for a question next time?<br>6 THE WITNESS: Okay. |
| 27. | 183:3-21 | 3 Q What were you going to research?<br>4 A See whether --<br>5 MR. SPERDUTO: I don't know -- just<br>6 a -- this -- is this unrelated to the research<br>7 you're doing for Salisbury & Ryan?<br>8 THE WITNESS: It may or may not be<br>9 related to research because I've been --<br>10 MR. SPERDUTO: Well, to the extent it's<br>11 not --<br>12 THE WITNESS: I would say --<br>13 MR. SPERDUTO: -- related, you can<br>14 answer. To the extent it is related to your<br>15 research, you are directed not to answer under<br>16 26(b)(4). I can't tell what this research is.<br>17 THE WITNESS: I would say, you know,<br>18 just I was still engaged, and I think that there<br>19 was this was part of reaching out to some people<br>20 in this information exchange bazaar, so I said I<br>21 might research it. |
| ▮ | ▬▬▬ | ▬▬▬▬▬▬▬▬▬▬▬ |

| | | |
|---|---|---|
| | | ▮▮▮▮▮<br><br>▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮ |
| 29. | 222:16 – 223:4 | 16 Q Paragraph 15 on the last page, page 6,<br>17 you state, All of the due diligence and related<br>18 information that I presented to Salisbury & Ryan<br>19 was publicly available or made available to me<br>20 through my personal contacts in Central Asia and<br>21 Russia.<br>22 Do you see that?<br>23 A I do see.<br>24 Q Who are the personal contacts that<br>25 you're referring to here?<br><br>[Page 223]<br><br>1 MR. SPERDUTO: Well, to the extent that<br>2 that invokes his research and what he did on<br>3 behalf of Salisbury & Ryan, he's directed not to<br>4 answer under 26(b)(4)(D). |
| 30. | 225:19 – 226:11 | 19 Q Did you ever have any communications<br>20 with Mr. Hollingsworth related to the work that<br>21 you had been engaged to do by Salisbury & Ryan?<br>22 A He approached me with offer to work as<br>23 a consulting expert on matters related to<br>24 Kazakhstan.<br>25 Q Other than his approach to you, did you<br><br>[Page 226]<br><br>1 have any communications with him related to either<br>2 IMR or The Trio or ENRC or Shaft Sinkers?<br>3 MR. SPERDUTO: With respect to his<br>4 efforts for Salisbury & Ryan or otherwise?<br>5 BY MR. COGAN:<br>6 Q Let's start with respect to your<br>7 efforts for Salisbury & Ryan.<br>8 MR. SPERDUTO: And that gets a<br>9 26(b)(4)(D) direction.<br>10 Don't answer that one. But you can<br>11 answer it otherwise. |

| | | |
|---|---|---|
| 31. | 229:21 – 230:9 | 21 Q Did you have any communications with<br>22 Mr. Hollingsworth in connection with the work that<br>23 you were doing for Salisbury & Ryan?<br>24 MR. SPERDUTO: Objection.<br>25 Not to answer. Rule 26.<br><br>[Page 230]<br><br>1 MR. COGAN: Without even getting into<br>2 the substance?<br>3 MR. SPERDUTO: Yeah, because the<br>4 identity of sources and the research he did and<br>5 that effort is all protected. As I understand his<br>6 testimony at this point, his contacts with<br>7 Mr. Hollingsworth were part of this information<br>8 exchange he's talked about unrelated to the<br>9 Salisbury & Ryan representation. |
| 32. | 237:11-24 | Q Mr. Akhmetshin, did you have<br>12 communications with Simon Goodley regarding<br>13 The Trio, IMR, ENRC or Shaft Sinkers?<br>14 A Yes.<br>15 Q What did you discuss with him?<br>16 MR. SPERDUTO: Is this in connection<br>17 with the Salisbury & Ryan engagement?<br>18 THE WITNESS: Yes, that's only --<br>19 MR. SPERDUTO: Pardon me?<br>20 THE WITNESS: That's the only kind of<br>21 context I have --<br>22 MR. SPERDUTO: Under those<br>23 circumstances, he's directed not to answer. Rule<br>24 26. |
| 33. | 245:12 – 247:22 | 12 Q Does this email refresh your<br>13 recollection that you were providing Mr. Goodley<br>14 with information in connection with the work that<br>15 you were doing for Mr. Salisbury?<br>16 A I was providing Mr. Goodley with<br>17 publicly available documents. They were filings<br>18 in the Netherlands court.<br>19 Q Does this email refresh your<br>20 recollection that you were providing Mr. Goodley<br>21 with documents in connection with the work that<br>22 you were doing for Mr. Salisbury?<br>23 MR. SPERDUTO: Asked and answered. |

24 Move on. You just said that, and he answered
25 that.

[Page 246]

1 MR. COGAN: No, I asked that question,
2 and he answered a different question.
3 MR. SPERDUTO: No, you're disappointed
4 in his answer, and you're trying again. You don't
5 get two dips. Move on.
6 BY MR. COGAN:
7 Q Okay. You can answer the question.
8 MR. SPERDUTO: No, you can't.
9 MR. COGAN: So you're instructing the
10 witness not to answer --
11 MR. SPERDUTO: You can --
12 MR. COGAN: -- that question?
13 MR. SPERDUTO: -- read back his answer.
14 He already answered that. Exactly the same words.
15 MR. COGAN: Are you instructing him not
16 to answer my question?
17 MR. SPERDUTO: I'm instructing him not
18 to answer it again. He answered that in exactly
19 the same words.
20 MR. COGAN: What's the basis for your
21 instruction?
22 MR. SPERDUTO: Asked and answered. He
23 answered it.
24 MR. COGAN: You and I both know that's
25 not an appropriate instruction.

[Page 247]

1 MR. SPERDUTO: You're trying to get a
2 different answer. That's all. You and I both
3 know that.
4 I didn't hear -- can you tell me what
5 the difference is in that question and the
6 question immediately before that?
7 MR. COGAN: It's identi- --
8 MR. SPERDUTO: It's almost --
9 MR. COGAN: It was an identical
10 question because I didn't get a response to the
11 question I asked. I'll ask it --
12 MR. SPERDUTO: You did get a response.
13 You didn't like the response.

|  |  | 14 MR. COGAN: I'll ask the question again |
|--|--|-------------------------------------------|
|  |  | 15 and you can either instruct or not. |
|  |  | 16 BY MR. COGAN: |
|  |  | 17 Q Does this document refresh your |
|  |  | 18 recollection as to whether you were providing |
|  |  | 19 Mr. Goodley with information in connection with |
|  |  | 20 the work that you were doing for Mr. Salisbury? |
|  |  | 21 MR. SPERDUTO: Asked and answered a |
|  |  | 22 third time. |