# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE:

APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782
Jan Luijkenstraat 68
Amsterdam,  1071CS
Netherlands

Applicant.

Case No. _____

# DECLARATION OF RAPHAEL RAHAV

Pursuant to 28 U.S.C. § 1746, I, Raphael Rahav, declare under penalty of perjury as follows:

1. I am a Senior Manager with GlobalSource Cyprus Ltd. ("GlobalSource"), based in Nicosia, Cyprus.  GlobalSource carries out research and investigations for our clients worldwide, including in the United States and the United Kingdom.

2. I submit this Declaration in support of International Mineral Resources B.V.'s ("IMR") *Ex Parte* Application for an Order Under 28 U.S.C. § 1782 Permitting IMR to Issue a Subpoena for the Taking of a Deposition and the Production of Documents from Rinat Akhmetshin.

3. I am familiar with the facts set forth in this Declaration, either from personal knowledge or on the basis of documents that have been provided to me.  Insofar as they are within my own knowledge, the facts and matters testified to are true to the best of my own knowledge and belief.  Because this Declaration is being submitted for a specific legal purpose,

the information provided in the Declaration does not include every single fact that I know that may be pertinent to this subject matter.

4. GlobalSource was retained, among other things, to investigate allegations that Rinat Akhmetshin was employed by a Russian company named EuroChem to organize a smear campaign against IMR, aimed at weakening IMR's and its associated companies' positions in various legal disputes with EuroChem and its subsidiary, EuroChem Volga-Kaliy LLC ("ECVK"), over a mining project located near the Russian city of Kotelnikovo. GlobalSource was also retained to investigate reports that Mr. Akhmetshin had organized the hacking of IMR's and associated entities' computer systems in an attempt to collect information that could be used in his smear campaign.

5. After receiving reports that Mr. Akhmetshin had hacked IMR's computers and was distributing stolen documents to third parties, our investigators reached out to a number of sources who we had identified as having received the hacked documents or having known people who had received the information. We requested that they provide us copies of the hacked information so that we would have proof that Mr. Akhmetshin was in fact distributing stolen IMR documents.

6. Because sources are often nervous about turning over sensitive information like this, we told them that they could drop off the hacked information anonymously at certain locations.

7. On Sunday, December 8, 2013, I was staying at the Radisson Edwardian Berkshire Hotel in London, one of the locations we informed our sources would be a place they could drop off the hacked information anonymously. I received a message from the concierge

that an envelope had been left for me in the lobby. I picked up the envelope and opened it in front of the concierge. The envelope contained a thumb drive.

8. Because the thumb drive was left at one of the sites where we informed our sources they could drop off the hacked information anonymously, I understood that the thumb drive might contain the hacked IMR information we sought.

9. Because I did not want to alter the information in any way, I did not try to access the data on the thumb drive.

10. It is my understanding that a copy of the thumb drive was subsequently made and provided to IMR for review.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Tel-Aviv, on this 21 day of March, 2014.

_____
Raphael Rahav