# EXHIBIT G

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

In Re Application of International Mineral Resources

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:14-mc-00340-GK

TO: Rinat Akhmetshin
1529 Vermont Avenue NW
Washington, DC 20005

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Kobre & Kim LLP, 1919 M St NW, Washington, DC 20036 | DATE AND TIME  02/27/2015 |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See attached Rider**

| PLACE  Kobre & Kim LLP, 1919 M St NW, Washington, DC 20036 | DATE AND TIME  02/20/2015 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]*, Attorney for Plaintiff | DATE  2/5/2015 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

S. Nathan Park, Kobre & Kim LLP, 1919 M St NW, Washington, DC 20036 (202) 664-1900

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
                    DATE                                                  SIGNATURE OF SERVER

                                                                          _____
                                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**RIDER TO SUBPOENA**

PLEASE TAKE NOTICE that pursuant to the attached Subpoena and Fed. R. Civ. P. 45, Rinat Akhmetshin is required to produce and permit inspections of the following documents:

**I.   DEFINITIONS**

1. "All" or "any" means each and every.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests any information that might otherwise be construed to be outside their scope.

3. "Communication" and "communications" includes, without limitation, any oral, written, or electronic transmittal of information or request for information made from one person or entity to another, whether made in person, by telephone, electronically, or by any other means.

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Document" or "documents" means any and all handwritten, typewritten, printed or otherwise recorded matter of whatever character, or graphic material (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, procedures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, checks, bills, invoices, photographs, agendas, receipts, minutes, memoranda, written instructions, letters, expense accounts, messages, appraisals, analyses, reports, plans, evaluations, financial calculations and representations, diary entries, time sheets, calendars, telephone logs, visitor logs, telephone message slips, correspondence, e-mails, telegrams, press releases, advertisements, notes, handwritten notes, transcripts, surveys, tabulations, working papers, drawings, schedules, tabulations and projections, studies, graphs, charts, films, videotapes,

- 1 -

microfiche, printouts, all other data whether recorded by electronic or any other means, including drafts of any of the foregoing and any other data in your possession, custody, or control and including all items that are in storage anywhere, of any source of authorship.

The definition of "document" also includes information stored in or retrievable from equipment or media that includes, but is not limited to, desktop PCs or workstations, PCs, workstations, minicomputers, or mainframes used as file servers, application servers, or electronic mail servers, other minicomputers and mainframes, laptop, notebook and other portable computers, whether assigned to individuals or in pools available for shared use, home computers, backup disks and tapes, archival disks and tapes, and other forms of off-line storage, whether stored on-site with the computers used to generate them or off-site in another computer facility or by a third party, electronic mail messages, even if available only on backup or archive disks or tapes.  If a document was prepared in several copies or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitations, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document and must be produced.

6. "ECVK" means EuroChem Volga-Kaliy LLC, any parent, subsidiary, or affiliate of EuroChem Volga-Kaliy LLC, any and all present and former employees, officers, directors, agents, representatives, attorneys, assignees, consultants, or successors of EuroChem Volga-Kaliy LLC or their families, and any other person acting or purporting to act on EuroChem Volga-Kaliy LLC's behalf.

7. "ENRC" means Eurasian Natural Resources Corporation PLC, any parent, subsidiary, or affiliate of Eurasian Natural Resources Corporation PLC, any and all present and

former employees, officers, directors, agents, representatives, attorneys, assignees, consultants, or successors of Eurasian Natural Resources Corporation PLC or their families, and any other person acting or purporting to act on Eurasian Natural Resources Corporation PLC's behalf.

8. "EuroChem" means EuroChem, any parent, subsidiary, or affiliate of EuroChem, any and all present and former employees, officers, directors, agents, representatives, attorneys, assignees, consultants, or successors of EuroChem or their families, and any other person acting or purporting to act on EuroChem's behalf.

9. "IMR" means International Mineral Resources B.V., any parent, subsidiary or affiliate of International Mineral Resources B.V., any and all present and former employees, officers, directors, agents, representatives, attorneys, assignees, consultants, or successors of International Mineral Resources B.V. or their families, and any other person acting or purporting to act on International Mineral Resources B.V.'s behalf.

10. The word "person" or "persons" means all individuals and entities including, but not limited to, natural persons, trusts and estates, legal or investment advisors, auditors, directors, employees, trustees, fiduciaries, representatives, delegates, consultants, attorneys, agents, functionaries, or otherwise affiliated individuals, whether serving full-time or part-time, whether paid or unpaid, whether regular or alternate, including any individuals having possession, custody, or control of documents or information relating to the present application.

11. "Salisbury & Ryan" means Salisbury & Ryan, LLP, Patrick Salisbury, Andrew Ryan, or any other attorney, employee, or agent of Salisbury & Ryan, LLP.

12. "Shaft Sinkers" means Shaft Sinkers (Pty) Ltd, any parent, subsidiary, or affiliate of Shaft Sinkers (Pty) Ltd, any and all present and former employees, officers, directors, agents,

representatives, attorneys, assignees, consultants, or successors of Shaft Sinkers (Pty) Ltd or their families, and any other person acting or purporting to act on Shaft Sinkers (Pty) Ltd's behalf.

13. The terms "You," "Your," or "Rinat Akhmetshin" includes any and all present and former agents, representatives, attorneys, assigns, consultants, employees, or successors, or any other person acting or purporting to act on Rinat Akhmetshin's behalf, whether directly or indirectly, and further includes any companies or entities in which Rinat Akhmetshin is currently or was in the past an officer, director, shareholder, or partner or in which Rinat Akhmetshin currently owns or in the past owned any interest.

## II. INSTRUCTIONS

1. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

2. The singular shall be construed to include the plural and the plural shall be construed to include the singular as necessary to bring within the scope of these requests any documents or information that might otherwise be construed to be outside their scope.

3. If you are unable to respond fully to a request, respond to the fullest extent possible and specify the reasons for your inability to respond in full.

4. If you withhold any documents on grounds of a claim of attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, identify each such document and, with respect to each such document, state the specific basis for the claim of privilege or protection and provide the following information:

    (a) The subject matter of the document;

(b)   The title, heading, or caption of the document, if any;

(c)   The identifying number, letter, or combination thereof, if any, and the significance or meaning of such number, letter, or combination thereof;

(d)   The date appearing on the document or, if no date appears thereon, the date or approximate date on which the document was prepared;

(e)   The general nature or description of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages in the document;

(f)   The identity of the person who signed the document and, if it was not signed, the identity of each person who prepared it;

(g)   The identity of each person to whom the document was addressed and the identity of each person to whom a copy or blind copy thereof was sent; and

(h)   The identity of each person who has custody of any copy or version of the document.

5.   "Identify" or provide the "identity," with respect to a document, means to state:

(a)   The date and nature of the document (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);

(b)   The title, subject, or heading of the document;

(c)   The identity of each author, addressee(s), copy addressee(s), blind copy addressee(s), and every natural person or entity to whom the document was disclosed;

(d)   A description of the document's subject matter; and

(e)   The Bates number or other identification number of the document, if any.

6. These requests for production of documents require you to produce all responsive documents in your possession, custody, or control from all files that contain responsive documents, wherever located. Without limitation, these requests for production require you to produce documents subject to your control even though located in the files of other persons, such as your agents, representatives, employees, and attorneys, including in other offices located outside of Washington, D.C.

7. These document requests are not limited as to time, except as expressly set forth below.

8. Any electronic information should be produced in searchable format.

9. In responding to these requests:

(a) If a document was, but no longer is, in your possession, custody, or control, state:

    i.   how the document was disposed of;

    ii.   the name, current address, and telephone number of the natural person or the entity who currently has possession, custody, or control of the document;

    iii.   the date of disposition; and

    iv.   the name, current address, and telephone number for each natural person or the entity who authorized said disposition or who had knowledge of said disposition.

(b) If documents cannot be located, describe with particularity the efforts made to locate the documents and the specific reason for their disappearance or unavailability.

### III. DOCUMENTS TO BE PRODUCED

This subpoena requires production of all documents from January 1, 2011, to the present that are responsive to the request below and are in your possession, custody or control:

    1.    All documents and communications concerning IMR, Shaft Sinkers, ENRC, EuroChem, ECVK, and/or Salisbury & Ryan.