# EXHIBIT O

# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

April 20, 2015

**BY ELECTRONIC MAIL**

Kim Sperduto
1133 Twentieth Street, NW
Second Floor
Washington, DC 20036
ksperduto@sperdutothompson.com

Re: *In Re: Application of International Mineral Resources B.V. for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782* (Case No. 1:14-mc-00340 GK)

Dear Mr. Sperduto:

We write to request the production of additional documents pursuant to the February 5, 2015 subpoena served on Rinat Akhmetshin by International Mineral Resources B.V. ("IMR"). Specifically, we request that you produce the documents and categories of documents identified below, all of which are responsive to IMR's subpoena, but were not produced as part of Mr. Akhmetshin's March 27, 2015 document production. We also request that you revise the privilege log that you provided on March 27, 2015 to include information sufficient to allow IMR to assess Mr. Akhmetshin's claims of privilege. We ask that you provide the requested materials and the revised privilege log no later than **April 27, 2015**.

### I. Documents Relating to Mr. Akhmetshin's Strategic Communications Work

IMR requests production of all documents relevant to any strategic communications work that Mr. Akhmetshin performed for ECVK and/or Salisbury & Ryan, including, but not limited to, all documents relating to Mr. Akhmetshin's development and proposal to ECVK and/or Salisbury & Ryan of a "strategic communications strategy relevant to the Dutch action." Akhmetshin Aff. ¶ 6; *see also* Dep. Tr. 124:2-126:20. Strategic communications work is not privileged and is therefore outside the scope of any claimed immunity from production. *See In re Lindsey*, 158 F.3d 1263, 1270 (D.C. Cir. 1998) ("[A]dvice on political, strategic, or policy issues, valuable as it may have been, would not be shielded from disclosure by the attorney-

Mr. Kim Sperduto
April 20, 2015
Page 2

client privilege"); *Neuder v. Battelle Pac. N.W. Nat'l Lab.*, 194 F.R.D. 289, 292-94 (D.D.C. 2000) (the attorney-client privilege and work-product doctrine apply only to materials that are of a legal nature, not business materials, and non-privileged documents cannot be transformed into privileged material simply because they come into the possession of lawyers).

## II. Mr. Akhmetshin's Communications with Third Parties

It is black letter law that communications between a consultant and a third party are not privileged. *See Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 100 (D.D.C. 2012) ("It is impossible for there to be any attorney-client privilege between [the plaintiffs] and [their consultant], or the [plaintiffs] and the experts retained by [the consultant], since neither of the latter are lawyers"); *Hall v. CIA*, 668 F. Supp. 2d 172, 192 (D.D.C. 2009) ("Information shared with a third party is not protected by the attorney-client privilege."). Accordingly, IMR requests production of all of Mr. Akhmetshin's relevant communications with third parties including, but not limited to, the communications identified below.

- **Communications with Journalists and Researchers.** Mr. Akhmetshin testified that many of the entries on the privilege log reflect his communications with journalists and researchers, including Ken Silverstein (*see* Dep Tr. 105:14-106:17), Kristin Ridley (*see* Dep Tr. 106:18-107:17), and Daniel Balint-Kurti (*see* Dep Tr. 108:13-19). IMR requests the production of all of Mr. Akhmetshin's communications with such third parties, including the production of privilege log entries 22-24, 55-56, 97-98, 131, 156, 164-165, 169-170, 192, 201-203, 205, 247, 249, 251-253, and 261.

- **Communications with Akezhan Kazhegeldin.** Mr. Akhmetshin testified that Mr. Kazhegeldin provided him with a hard drive of documents related to the Trio. *See* Dep. Tr. 213:19-21. Mr. Akhmetshin further did not deny that he told his former client that the documents on the hard drive were obtained by hacking IMR. *See* Dep. Tr. 201:3-203:7. Thus, Mr. Akhmetshin's communications with Mr. Kazhegeldin are directly relevant to IMR's hacking claim. At his deposition, Mr. Akhmetshin identified a number of the entries on the privilege log reflecting communications that he had with Mr. Kazhegeldin. *See* Dep. Tr. 103:3-105:13. Mr. Kazhegeldin is not an attorney, and Mr. Akhmetshin's communications with Mr. Kazhegeldin are not privileged. Accordingly, IMR requests the production of all of Mr. Akhmetshin's communications with Mr. Kazhegeldin, including the production of privilege log entries 1-3, 92, 99, 105-106, 109-113, 150-151, 157, 167, 175, 177, 179, 181-182, 191, 214, 228, 230, and 250.

- **Communications with Edward Lieberman.** Mr. Akhmetshin testified that Mr. Lieberman is his "colleague" and "personal advisor." Dep. Tr. 112:22-113:1. Mr.

Mr. Kim Sperduto
April 20, 2015
Page 3

    Akhmetshin further testified that Mr. Lieberman did not work on the ECVK project, and that Mr. Akhmetshin never sought Mr. Lieberman's legal advice concerning the ECVK project, IMR, ShaftSinkers, or ENRC. Dep. Tr. 113:6-12; 114:12-16. Accordingly, Mr. Akhmetshin's communications with Mr. Lieberman are not privileged. IMR therefore requests the production of all of Mr. Akhmetshin's communications with Mr. Lieberman, including the production of privilege log entries 207, 217-222, 224-229, and 231-232.

### III. Additional, Relevant Documents Identified in the Deposition

IMR requests production of all additional, relevant documents identified by Mr. Akhmetshin during his deposition, including the following:

- **Passports.** Mr. Akhmetshin testified in his deposition that he holds both a U.S. passport and a Russian passport, and that he uses both passports in connection with his work. *See* Dep. Tr. 219:9-221:4. Accordingly, IMR requests cover-to-cover copies of any of Mr. Akhmetshin's U.S. and Russian passports that reflect travel from 2012 through the present related to IMR, Shaft Sinkers, ENRC, EuroChem, ECVK, and/or Salisbury & Ryan.

- **Invoices.** Mr. Akhmetshin testified in his deposition that he sent invoices to Eurochem Volga-Kaliy LLC ("ECVK") for the work he performed in connection with the Dutch proceedings. *See* Dep. Tr. 65:22-66:1. IMR requests the production of all invoices that Mr. Akhmetshin prepared or sent to ECVK or Salisbury & Ryan related to IMR, Shaft Sinkers, ENRC, and/or EuroChem.

### IV. Materials Post-Dating August 31, 2013

IMR requests production of all responsive materials post-dating August 31, 2013. Mr. Akhmetshin testified that he communicated with numerous people after August 31, 2013 regarding his work related to IMR. *See, e.g.*, Dep. Tr. 49:4-24 (discussing a phone call with Patrick Salisbury and others in late 2013 or early 2014); 189:10-219:7 (discussing a conversation on January 30, 2014). These communications included a conversation with a third party explicitly discussing the hacking of IMR's documents. *See* Dep. Tr. 201:3-203:7. Such communications are plainly relevant to IMR's hacking claim, Mr. Akhmetshin's dissemination of IMR's information, and the harm to IMR resulting from that dissemination of information. IMR requests all relevant post-August 31, 2013 documents, and specifically requests any documents that were discussed or transmitted in connection with Mr. Akhmetshin's post-termination communication with Patrick Salisbury.

Mr. Kim Sperduto
April 20, 2015
Page 4

### V.    Privilege Log Descriptions

Mr. Akhmetshin's remaining privilege log entries are insufficient to enable IMR to assess Mr. Akhmetshin's claims of privilege.  *See* Fed. R. Civ. P. 26(b)(5)(A)(ii) (privilege log entries must "enable other parties to assess the claim").  For example, out of the 263 entries on the privilege log, 92 entries are described as "research and investigation," and 111 entries are described as "[c]ommunication re: meeting with counsel."  These generic, boilerplate descriptions do not comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(A)(ii).  *See Chevron Corp.*, 286 F.R.D. at 99 (finding "mechanical boilerplate" privilege log entries to be inadequate under Rule 26).  Accordingly, IMR requests that Mr. Akhmetshin revise the remaining privilege log entries to provide the "specific, individualized descriptions" necessary to allow IMR to assess whether a claim of privilege genuinely applies.  *Feld v. Fireman's Fund Ins. Co.*, 991 F. Supp. 2d 242, 248 (D.D.C. 2013).

### VI.   Documents Identified by ECVK

On March 30, 2015, we received correspondence from Joshua Kauke, stating that counsel for ECVK no longer wished to assert privilege over approximately twenty documents that were withheld from the March 27, 2015 production.  IMR requests the production of these documents.  To the extent that ECVK has changed its mind, please identify for us the log entries to which Mr. Kauke was referring.

*****

In addition to the issues identified above, the privilege assertions that were made in the deposition itself were extremely overbroad.  IMR expressly reserves the right to seek relief from the Court in connection with any improper assertions of privilege made in the deposition, and any other improper assertions of privilege made over discoverable material.  To the extent that there is any dispute regarding these issues, we request a time to meet and confer as soon as possible.

Sincerely,

Jonathan D. Cogan
+1 212 488 1206

cc:   Joshua S. Kauke, Esq. (by email)