# EXHIBIT P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF INTERNATIONAL MINERAL RESOURCES B.V. FOR AN ORDER TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782<br><br>Applicant. | Case No. 1:14-MC-00340 (GK) |

### FOURTH DECLARATION OF ROBBERT DE BREE

Pursuant to 28 U.S.C. § 1746, I, Robbert de Bree, declare under penalty of perjury as follows:

1.      I submit this Declaration in support of IMR's Motion to Compel Production of Documents and Additional Day of Deposition and Motion for Expedited Consideration

2.      I am familiar with the facts set forth in this Declaration, either from personal knowledge or on the basis of documents that have been provided to me.  Insofar as they are within my own knowledge, the facts and matters testified to are true to the best of my own knowledge and belief.  Because this Declaration is being submitted for a specific legal purpose, the information provided in the Declaration does not include every single fact that I know that may be pertinent to this subject matter.

3.      As I explained previously, in an appeal in Dutch civil litigation, the appealing party's primary filing is called a statement of claim (memorie van grieven).  In complex disputes such as this one, the statement of claim can be a lengthy document.  The statement of claim in the appeal will set forth all of the grounds for the appeal.  Attached to it may be

evidence from the court proceedings in the court of first instance, and it may incorporate new evidence that the appealing party would like the court to consider.

4. The opposing party's primary filing is called a statement of defence. Like the statement of claim, the statement of defence may be lengthy, as it must set forth all of the defence arguments for the appeal, and respond to all of the relevant arguments made in the statement of claim.

5. The statement of defence also incorporates evidence from the court proceedings in the court of first instance, and new evidence that the opposing party would like the court to consider on appeal.

6. In this case, ECVK filed its statement of claim on 17 March 2015.

7. IMR's statement of defence is due on 23 June 2015.

8. IMR intends to incorporate into its statement of defence relevant information obtained from IMR's Section 1782 application in the United States. Given the limited time remaining for IMR's appellate submission, it is critical that IMR obtain all such information as expeditiously as possible.

9. Although it is true that IMR may be able to submit additional evidence after it files its statement of defence on 23 June 2015, IMR would potentially be put at a significant disadvantage should additional evidence from the U.S. discovery process bear on the arguments contained therein. IMR should have the opportunity to set forth fully informed arguments in its primary filing in the Dutch appellate proceedings.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in The Hague, on May the 15th, 2015.

_____
Robbert de Bree